HON. MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASTE ACTION PROJECT, <br><br> Plaintiff, <br> v. <br><br> UFP WASHINGTON LLC; UFP INDUSTRIES, INC., <br><br> Defendants. | Case No. 2:21-cv-01636 <br><br> [PROPOSED] CONSENT DECREE |

## I. STIPULATIONS

WHEREAS, Plaintiff Waste Action Project sent a sixty-day notice of intent to sue letter to Defendants UFP Washington, LLC ("UFP WA") and UFP Industries, Inc (collectively "UFP") on or about October 1, 2021, and filed a complaint on December 6, 2021, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 *et seq*., relating to discharges of stormwater from UFP WA's facility in Snohomish, Washington and seeking declaratory and injunctive relief, civil penalties, and attorneys' fees and costs.

[PROPOSED] CONSENT DECREE
Case No. 2:21-cv-01636
1

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

1    WHEREAS, UFP denies Plaintiff's claims and any liability for the alleged violations

2    WHEREAS, Waste Action Project and UFP agree that settlement of these matters is in the best interest of the parties and the public and that entry of this Consent Decree is the most appropriate means of resolving this action.

    NOW THEREFORE, Waste Action Project and UFP stipulate to the entry of this Consent Decree without trial or adjudication.

    DATED AND PRESENTED this 14th day of July 2023.

| GORDON THOMAS HONEYWELL LLP | SMITH & LOWNEY, PLLC |
|---|---|
| By *s/Dianne K. Conway* <br> Bradley B. Jones, WSBA #17197 <br> Dianne K. Conway, WSBA #28542 <br> *Attorneys for Defendants* <br> *UFP Washington LLC and UFP Industries, Inc.* | By *s/Marc Zemel* <br> Marc Zemel, WSBA #44325 <br> Savannah Rose, WSBA #57062 <br> *Attorneys for Plaintiff* <br> *Waste Action Project* |

| UFP WASHINGTON, LLC | WASTE ACTION PROJECT |
|---|---|
| By *Scott Worthington* <br> Scott Worthington <br> President, UFP Packaging | By *Greg Wingard* <br> Greg Wingard <br> Executive Director of Waste Action Project |

UFP INDUSTRIES, INC.

By *David A. Tutas*
Dave Tutas
Secretary

[PROPOSED] CONSENT DECREE
Case No. 2:21-cv-01636
2

DocuSign Envelope ID: 0DC7E538-249D-4840-8D6B-2AED68B41AD8

## II. ORDER AND DECREE

THIS MATTER came before the Court upon the Parties' Joint Motion for Entry of Consent Decree and the foregoing Stipulations of the parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. The parties stipulate solely for purposes of this Decree that this Court has jurisdiction over the parties and subject matter of this action.

2. Each signatory for the parties certifies for that party that he or she is authorized to enter into the agreement set forth herein.

3. This Consent Decree applies to and binds the parties and their successors and assigns.

4. This Consent Decree and any injunctive relief ordered within applies to the operation, oversight, or both by UFP WA of its facility at or about 1207 Three Lakes Road, Snohomish, Washington (the "Facility").

5. This Consent Decree is a full and complete settlement and release of all the claims in the complaint and the sixty-day notice and all other claims known or unknown existing as of the date of entry of the Consent Decree that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operation of the Facility. These claims are released and dismissed with prejudice. Enforcement of this Consent Decree is Waste Action Project's exclusive remedy for any violation of its terms.

6. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Waste Action Project in this case or of any fact or conclusion of law related to those allegations, nor evidence of any wrongdoing or misconduct on

[PROPOSED] CONSENT DECREE
Case No. 2:21-cv-01636
3

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

1  the part of UFP. UFP expressly denies all liability concerning the allegations by Waste Action
2  Project.

3      7.    In full and complete satisfaction of all the claims covered by the Complaint and all
4  other claims covered by this Consent Decree, UFP WA agrees to the following terms and
5  conditions:

6      a.    UFP WA will comply with all conditions of its National Pollutant Discharge
7  Elimination System Permit No. WAR000752 (the "NPDES permit") and any successor,
8  modified, or replacement permit authorizing discharges of stormwater associated with
9  industrial activity from the Facility.

10     b.    UFP WA will comply with all conditions of Administrative Order #21270,
11 which mandates full implementation of stormwater treatment by September 30, 2024, along
12 with other interim measures.

13     c.    For the duration of this Consent Decree, UFP WA will, as soon as
14 practicable, electronically forward to Waste Action Project copies of all substantive
15 communications to and/or from Ecology related to its NPDES permit, compliance with its
16 NPDES permit, records and reports required to be submitted to Ecology by its NPDES
17 permit or Administrative Order, compliance with the Administrative Order, and the
18 construction and operation of the bioretention system.

19     d.    UFP WA will implement and maintain the following BMPs for the life of
20 the Consent Decree; make related amendments to the SWPPP as soon as practicable; and,
21 no later than 30 days after the effective date of this Consent Decree, provide Waste Action
22 Project with a copy of the amended SWPPP within 10 days of amending it pursuant to this
23

[PROPOSED] CONSENT DECREE
Case No. 2:21-cv-01636
4

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

paragraph:

      i.      Vacuum sweep all outdoor paved surfaces of the Facility no less frequently than once per week;

      ii.      Hand-sweep all indoor production areas of the Facility no less frequently than once per day and immediately after completing production if there is a visible accumulation of debris or sawdust accumulation;

      iii.      Clean up all sawdust, trash, and debris in outdoor unpaved areas of the Facility no less frequently than once per day and immediately if there is a visible accumulation of sawdust, dirt, or debris;

      iv.      Sweep all outdoor paved storage areas of the Facility immediately after clearing it of products or equipment that is moved either to clean paved spaces that do not get swept on a regular basis or are transported off site;

      v.      Maintain a log of all third-party vacuum sweeping activities performed at the Facility, including the date and time;

      vi.      "Promptly repair/replace/reseal damaged paved areas," including repairing alligator cracking, in accordance with the Stormwater Management Manual for Western Washington;.

      vii.      "Use drip pans and absorbents under or around leaky vehicles and equipment [outdoors] or store indoors where feasible" and "[d]rain fluids from equipment and vehicles prior to on-site storage or disposal" in accordance with NPDES permit Condition S3.B.4.b.i.4.h;

      viii.      Correctly place and maintain filter socks around all catch basins, with

[PROPOSED] CONSENT DECREE
Case No. 2:21-cv-01636
5

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

the exception of high traffic areas, until the bioretention treatment system has been operational for 30 days;

ix. Install and maintain catch basin filters that are designed to remove metals and particulates in all catch basins at the Facility until the bioretention treatment system has been operational for 30 days;

x. Immediately clean up leaks and spills; and

xi. "Conduct all maintenance and repair of vehicles and equipment in a building, or other covered impervious containment area that is sloped to prevent run-on of uncontaminated stormwater and runoff of contaminated water" in accordance with the Stormwater Management Manual for Western Washington.

8. Within 30 days of the effective date of this Consent Decree, UFP WA will pay $183,900 (ONE HUNDRED AND EIGHTY-THREE THOUSAND NINE HUNDRED DOLLARS) to the Wild Fish Conservancy for projects to address impairments to, and contribute to the improvement of, the water quality of the Pilchuck River and/or the Snohomish River, as described in <u>Exhibit 1</u> to this Consent Decree. The check will be made to the order of Wild Fish Conservancy and delivered to:

> Wild Fish Conservancy
> PO Box 402
> Duvall, WA 98019

Payment will include the following reference in a cover letter or on the check: "Consent Decree, Waste Action Project v. UFP Washington, LLC, *et al.*, W.D. Wash. No. 2:21-cv-01636-MJP." A copy of the checks and cover letters, if any, will be sent simultaneously to Waste Action Project and its counsel.

[PROPOSED] CONSENT DECREE
Case No. 2:21-cv-01636
6

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

9. Within 30 days of the effective date of this Consent Decree, UFP WA will pay $315,600 (THREE HUNDRED AND FIFTEEN THOUSAND, SIX HUNDRED DOLLARS) for settlement of Waste Action Project's litigation fees, expenses, and costs (including reasonable attorney and expert witness fees) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Marc Zemel. UFP WA's payment will be in full and complete satisfaction of any claims Waste Action Project has or may have, either legal or equitable, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in the Litigation.

10. UFP will not be required to perform any obligations under this Consent Decree; be liable for loss or damage for failure to do so; or be deemed to be in breach hereof where UFP's ability to commence or continue to perform any work is prevented, delayed, limited, restricted, or interfered with, in whole or in part, by, from, through, or as a result of, any Force Majeure Events (as defined below), provided that UFP complies with the procedures described in paragraph 12 and uses reasonable efforts to perform its obligations. Under these conditions, any obligations under this Consent Decree will be suspended for the duration of time UFP is affected by such Force Majeure Events, and Waste Action Project, its subsidiaries, affiliates, or related entities waive any and all claims for damages or otherwise, and forever release UFP from, against, and in connection with, any claims, failures or delays as a result of any Force Majeure Events.

11. As used herein, "Force Majeure Events" mean and include, without limitation, any: (i) acts of God, earthquakes, floods, tornados, hurricanes, storms, natural disasters, adverse weather conditions, or any explosions, fires, casualties, or accidents; (ii) acts of war, hostilities (whether

[PROPOSED] CONSENT DECREE
Case No. 2:21-cv-01636
7

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

1  war be declared or not), acts of terrorism, civil unrest, riots, insurrections, malicious damage,
2  vandalism, or sabotage; (iii) acts of governmental entities or government delays (whether in issuing
3  permits, authorizations, inspections, certifications or otherwise), present or future governmental
4  intervention, economic sanctions, transportation embargoes, import/export shutdowns or
5  restrictions, travel restrictions, quarantines, national or international emergencies, virus or
6  infectious disease outbreaks, epidemics or pandemics, public safety recommendations or protocols,
7  or public health orders or other incidents affecting public health; (iv) legal requirements, court
8  orders, litigation, or judicial, quasi-judicial or administrative actions; (v) labor or industrial disputes
9  or difficulties; work stoppages, walkouts, strikes, or lockouts; transportation delays; supply chain
10 disruptions; shortages in or inability to obtain services, labor, materials, or other similar items or
11 reasonable substitutes thereof, on reasonable commercial terms; significant changes in the
12 availability of products, parts or materials; inability of workers to perform their duties; or suppliers'
13 or other third parties' delay or failure to perform; (vi) actions or inaction of utilities, utility failures,
14 power failures (or blackouts or brownouts), failures or interruptions of communication or
15 telecommunication lines, or energy shortages; (vii) actions of Waste Action Project (or any
16 employee or representative of any such entity) that impact the time of performance, or changes
17 ordered in the products, services or work, or the sequencing of the work; and/or (viii) any actions,
18 events or causes beyond the reasonable control of UFP.

19      12.   If a Force Majeure Event occurs, UFP WA will notify Waste Action Project within
20 15 days of discovery of the event and set forth the steps that UFP will take to perform the task; the
21 projected time that will be needed to complete the task; and the measures that have been taken or
22 will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in

[PROPOSED] CONSENT DECREE
Case No. 2:21-cv-01636
8

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

1  completing the task.

2  13. This Court retains jurisdiction over this matter while this Consent Decree remains in force. And, while this Consent Decree remains in force, this case may be reopened without filing fee so that the parties may apply to the Court for any further order that may be necessary to enforce compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute, including considering submitting the dispute to mediation with Mark Schneider at Perkins Coie LLP. Such a meeting should be held as soon as practical but must be held within 30 days after notice of a request for such a meeting to the other party and its counsel of record. If no resolution is reached at that meeting or within 30 days of the Notice, either party may file a motion with this Court to resolve the dispute. The provisions of section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, will apply to any proceedings seeking to enforce the terms and conditions of this Consent Decree.

14. The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party before 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA. Therefore, upon the filing of this Consent Decree by the parties, Waste Action Project will serve copies of it upon the Administrator of the U.S. EPA and the Attorney General.

[PROPOSED] CONSENT DECREE
Case No. 2:21-cv-01636
9

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

15. This Consent Decree will take effect upon entry by this Court. It terminates 12 months after Ecology finds compliance with Administrative Order #21270.

16. All parties have participated in drafting this Consent Decree.

17. This Consent Decree constitutes the entire agreement between the parties. There are no other or further agreements, either written or verbal. This Consent Decree may be modified only upon a writing signed by both parties and the approval of the Court.

18. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The parties agree to continue negotiations in good faith to cure any objection raised by the Court to entry of this Consent Decree.

19. Notifications required by this Consent Decree must be in writing by email. For a notice or other communication regarding this Consent Decree to be valid, it must be delivered to the email addresses listed below or to any other address designated by the receiving party in a notice in accordance with this paragraph 19.

**If to Waste Action Project**:

Greg Wingard
Email: gregwap@earthlink.net

**And to**:

Marc Zemel
Savannah Rose
Email: marc@smithandlowney.com, savannah@smithandlowney.com

**If to UFP:**

UFP Washington, LLC
1207 Three Lakes Road

[PROPOSED] CONSENT DECREE
Case No. 2:21-cv-01636
10

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

Snohomish, Washington
ATTN: Brian Bruning
Email: bbruning@ufpi.com

UFP Washington, LLC
2801 East Beltline NE
Grand Rapids, MI 49525
ATTN: Legal Department

**And to:**

Bradley B. Jones
Dianne K. Conway
Email: bjones@gth-law.com, dconway@gth-law.com

A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day or on a day that is not a business day, in which case the notice will be deemed received at 9:00 a.m. on the next business day. A notice or other communication will be deemed to have been received upon receipt of a response by the party providing notice or other communication regarding this Consent Decree.

DATED this __5th__ day of ___September___, 2023.

_____
HON. MARSHA J. PECHMAN
UNITED STATES SENIOR DISTRICT JUDGE

[PROPOSED] CONSENT DECREE
Case No. 2:21-cv-01636
11

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883



EXHIBIT 1

June 27, 2023

RE: Waste Action Project v. UFP WASHINGTON LLC; UFP INDUSTRIES, INC.; Case No. 2:21-cv-01636

To Whom It May Concern:

This letter is intended to provide assurance that I have reviewed the Consent Decree between Waste Action Project and UFP Washington LLC / UFP Industries, Inc. (UFP) and that I am authorized by my Board of Directors to make the following binding commitments on behalf of Wild Fish Conservancy (WFC):

1. I understand that WFC should receive $183,900 from UPF as specified in the Consent Decree.
2. WFC shall use the UFP funds working on environmentally beneficial projects that protect natural watershed processes and water quality of the Pilchuck Watershed, a significant tributary to the Snohomish River located in Snohomish, Washington.
3. WFC will use the funding to perform a watershed-wide inventory and assessment of the Pilchuck River.  Using remote data and where landowners grant WFC staff permission to access, WFC will map and classify stream and fish habitat restoration opportunities in the Pilchuck River. WFC will determine stream reach classifications using the rules and protocols provided in WAC 222-16-031 and Section 13 of the Forest Practices Board Manual.  Inventory results will be made available on WFC's interactive web map, and provided to the WA Dept. of Natural Resources through water type modification forms.
4. After funds have been disbursed, WFC shall send a report to the Justice Department, the Court and the Parties describing how the funds were utilized and demonstrating conformance with the nexus of the Consent Decree.

Wild Fish Conservancy is a 501(c)3 nonprofit conservation organization (Tax ID 91-1451405) headquartered in Washington State and dedicated to preserving, protecting and restoring the northwest's wild fish and the ecosystems they depend on, through science, education, and advocacy. Our staff comprises 19 professional scientists, advocates, and educators, and our Board of Directors is represented by a group of dedicated and accomplished scientists, natural-resource managers, activists, and leading voices in the field of conservation ecology. Together, our staff and board's decades of experience in technical research, engineering, advocacy, and public education allow us to effectively address a broad range of complex issues facing wild fish— always with science as our compass.

None of the funds received will be used for lobbying or election activities. All will be within the scope of our allowed 501(c)(3) activities.

Wild Fish Conservancy is governed by a Board of Directors, and is committed to sound fiscal management. WFC contracts with an independent certified public accounting firm to conduct audits, and did so most recently during spring 2022.

UFP WA may not make any public statement taking credit for this payment without explicitly recognizing the circumstance of this settlement and WAP's notice of intent to sue. UFP may not consider the payment to be a charitable contribution for tax accounting purposes.

Please do not hesitate to contact me with questions or for additional information.

*Emma Helverson*

Emma Helverson, Executive Director
Wild Fish Conservancy
425/788-1167
emma@wildfishconservancy.org